# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATE OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 17-00018-KD-b |
| | ) | |
| KEMAR SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This action is before the Court on Defendant's Kemar Smith's "Counterclaim pursuant to Fed. R. Civ. P. 13(a)(1)(A)." (Doc. 85). Upon consideration and for the reasons set forth herein, Defendant's Counterclaim is DENIED.

In this criminal action, Defendant has pled guilty and was convicted of the offense of conspiracy to distribute marijuana on board a vessel (Doc. 72, Doc. 50). Thus, his Counterclaim is without merit because it is a civil "counterclaim" to a criminal charge to which he has pled guilty. Claims or motions pursuant to the Federal Rules of Civil Procedure cannot provide relief in a criminal action. *United States v. Nabaya*, WL 3880660, at *11 (E.D. Va. Sept. 5, 2017), *writ denied sub nom. In re Nabaya*, 706 Fed. Appx. 127 (4th Cir. 2017) (denying Nabaya's counterclaims on basis that "[m]otions invoking the Federal Rules of Civil Procedure, … are procedurally improper in criminal matters.") (citation omitted); *United States v. Turner*, 2017 WL 4269960 (C.D. Ill. Sept. 26, 2017) (adopting the recommendation to deny a motion for leave to file a counterclaim "because a counterclaim is not an allowed or proper pleading in a criminal case."); *see also United States v. Jeburk*, - - - Fed. Appx. - - -, 2018 WL 4214305, at *1 (11th Cir. Sept. 5, 2018) ("To the extent that Jeburk's motion challenges his convictions and sentence, [Civil] Rule 60(b) 'simply does not provide for relief from judgment in a criminal case.'") (citation omitted); *United States v. Robinson*, 416 Fed. Appx. 871, 874 (11th Cir. 2011) (finding that Federal Rules of Civil Procedure did not

apply in criminal actions and denying as improper the defendant's Civil Rule 59(e) motion).

Defendant also asks the Court to "construe his pro se litigation in his favor", dismiss the action, and release him from prison (Doc. 85, p. 11). The Court acknowledges its "obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010) (quotation marks and citation omitted). Although Defendant seeks to vacate his judgment, the Court declines to construe the Counterclaim as a motion pursuant to 28 U.S.C. § 2255.[1] In this criminal action, Defendant was arrested in January 2017 and convicted of the offense of conspiracy to distribute marijuana on board a vessel. However, all the "claims" in the Counterclaim are based on the "lack of a contract" between Defendant and the United States, which normally constitutes a civil action. (Doc. 85, p. 3; "On October 2012, the United States failed to produce a valid contract when the alleged complaint was filed against [Defendant].").

Moreover, should the Court construe the counterclaim as a § 2255 motion, the motion appears to be untimely. The motion was filed August 23, 2018, more than one year after the judgment became final July 26, 2017, when the time frame for filing a direct appeal expired.[2]

**DONE** and **ORDERED** this 2nd day of October 2018.

                           **s / Kristi K DuBose**
                           **KRISTI K. DuBOSE**
                           **CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] *Castro v. United States*, 540 U.S. 375, 383, 124 S. Ct. 786, 792 (2003) (district court must notify a *pro se* defendant when it intends to re-characterize an otherwise labeled motion as a first § 2255 motion, warn defendant that the re-characterization will restrict the ability to file a "second or successive" motion, and give defendant an opportunity to withdraw or amend the pending motion).

[2] Judgment was entered on July 12, 2017. *Castillo v. United States*, 2017 WL 5591797, at *2 (11th Cir. May 4, 2017) ("Because Castillo did not file a direct appeal, his judgment of conviction became final on November 17, 2014, 14 days after entry of judgment on November 3, 2014.").