IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 17-00018-KD-B |
| | ) |
| KEMAR SMITH, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant Kemar Smith's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 91).

Smith and two co-defendants were indicted for the offense of conspiracy to possess with intent to distribute marijuana (Count One) and possession with intent to distribute marijuana (Count Two) on board a vessel subject to the jurisdiction of the United States. He pleaded guilty to Count One and was sentenced to the statutory minimum term of 60 months (docs. 25, 48, 72).[1]

Smith first moves pursuant to 18 U.S.C. § 3582(c)(2) for retroactive application of the Sentencing Guidelines scheme effectuated by Amendment 782 to the United States Sentencing Guidelines. Under § 3582(c)(2), Smith may be eligible for a sentence reduction if he was initially sentenced "based on a sentencing range" that was subsequently lowered by the United States Sentencing Commission. Amendment 782 generally reduced by two levels the base offense level assigned to certain controlled substance quantities in the Drug Quantity Table, U.S.S.G. § 2D1.1(c), and as a result, lowered the Sentencing Guidelines range for certain offenses involving

---

[1] According to the Presentence Investigation Report, Smith's total offense level was 23 and his criminal history category was I, which resulted in a sentencing guidelines range of 46 to 57 months. Because the statutory mandatory minimum sentence of 60 months was greater than the maximum guidelines range, his guideline term of imprisonment was 60 months. U.S.S.G. § 5G1.1(b). (Doc. 57, p. 9, ¶ 55).

controlled substances. Amendment 782 which went into effect November 1, 2014. See United States v. Madera-Sanchez, 613 Fed. Appx. 798 (11th Cir. 2015) (acknowledging that Amendment 782 became effective on November 1, 2014); U.S.S.G. § 1B1.10(d).

However, Smith was sentenced June 30, 2017, which was <u>after</u> November 1, 2014, the effective date of Amendment 782. The 2016 Sentencing Guidelines Manual was used to determine Smith's offense level. U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."). The 2016 Manual incorporated all prior guideline amendments including Amendment 782 (Doc. 57, p. 5, ¶ 17, Presentence Investigation Report: "The 2016 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level. U.S.S.G. § 1B1.1."). <u>Thus, Smith already received the benefit of the two-level reduction brought about by Amendment 782.</u> See United States v. Gallegos, 2017 WL 68631, at *1 (S.D. Ga., 2017) (explaining that "Defendant was sentenced after the effective date of Amendment 782 and therefore, already had the benefit of the two-level reduction.").

Smith also moves the Court for relief pursuant to the decision in Hughes v. United States, 138 S. Ct. 1765 (2018). In Hughes, the Supreme Court held that a defendant who had pleaded guilty pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure may seek a retroactive sentence reduction under 18 U.S.C. § 3582(c)(2), if the guidelines range had been a factor in determining the sentence. Id. at 1776. However, Smith did not plead guilty pursuant to Rule 11(c)(1)(C). "[I]n a Type-C agreement the Government and the defendant may agree to a specific sentence, that bargain is contingent on the district court accepting the agreement and its stipulated sentence." Hughes, 138 S. Ct. at 1776. Smith's plea agreement does not contain an agreement to a specific sentence (doc. 48 p. 4-5). Thus, the Hughes decision does not apply.

2

Additionally, the Court calculated Smith's sentencing guidelines range as 46 to 57 months (see footnote 1). However, his sentence was based on the statutory mandatory minimum sentence of 60 months. Therefore, he is not entitled to relief pursuant to 18 U.S.C. § 3582(c)(2) because his sentence was not based on a sentencing range that was subsequently lowered by an amendment to the Sentencing Guidelines. See 46 U.S.C. § 70503; 46 U.S.C. § 70506 (incorporating the statutory penalties found in 21 U.S.C. § 960); See Koons v. United States, 138 S. Ct. 1783, 1788–89 (2018) (The Petitioners' "sentences were not 'based on' the lowered Guidelines ranges because the District Court did not consider those ranges in imposing its ultimate sentences. On the contrary, the court scrapped the ranges in favor of the mandatory minimums, and never considered the ranges again; as the court explained, the ranges dropped out of the case. . . . And once out of the case, the ranges could not come close to forming the 'basis for the sentence that the District Court imposed,'. . . and petitioners thus could not receive § 3582(c)(2) sentence reductions.") (citations omitted). [2]

Accordingly, for the reasons set forth herein, Smith's motion is DENIED.

DONE and ORDERED this the 12th day of July 2019.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] In Koons, for each of the petitioners "the top end of the Guidelines range fell below the applicable mandatory minimum sentence, and so the court concluded that the mandatory minimum superseded the Guidelines range…. Thus, in all five cases, the court discarded the advisory ranges in favor of the mandatory minimum sentences." 138 S. Ct. at 1787.